UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEONARD E. ROBERTSON, ) | 1:15CV0296 |
| ) | |
| Petitioner ) | |
| ) | JUDGE JEFFREY HELMICK |
| v. ) | (Mag. Judge Kenneth S. McHargh) |
| ) | |
| NEIL TURNER, ) | |
| Warden, ) | |
| ) | |
| Respondent ) | MEMORANDUM |
| ) | <u>AND ORDER</u> |

McHARGH, MAG. JUDGE

The petitioner Leonard E. Robertson ("Robertson") has filed a petition pro se for a writ of habeas corpus, arising out of his 2006 convictions for multiple counts of sexual battery, and other crimes, pursuant to a guilty plea, in the Medina County (Ohio) Court of Common Pleas. In his petition, Robertson raises a single ground for relief:

> I have not been in front of a Lawfully Legal Body. As all are in violation of the mandatory oath of office. Requirement U.S Constitution U.S.C.S. Article 6 Sec. 3. All members to uphold U.S. Constitution that which created this manifest injustice of petitioner's Unconstitutional incarceration depriving him of his U.S.C.A. 1st (The right to petition a nullity), 6th (Fair, Speedy, and public trial), 14th (Due process of equal protection of law). (CHARGE OF FABRICATION) Determine the merits of this case based on Authentic, Reliable Evidence rather than distortions and lies. ["Must show the fabrication was deliberate"], Miller v. Pate, 386 U.S. 1, 7, creating constitutionally invalid conviction. The 14th Amendment (U.S.C.A.) cannot tolerate a State Criminal Conviction obtained by knowing use of false evidence [circumstantial evidence].

(Doc. 1, at [18].)

The respondent has filed a Return of Writ (doc. 8), and Robertson has filed a Traverse (doc. 9). Currently before the court is Robertson's Motion to Order Historical Facts. (Doc. 10.)

Robertson seeks to expand the record to include twenty-four documents which he claims "are required to prove actual FACTUAL innocence." (Doc. 9, at 6; doc. 10, at 3-6.) Robertson asserts that the court "must now presume the truth of all of the factual allegations that are not affirmatively disproved by records not actually before this Court." (Doc 10, at 6.) In opposing his motion, the respondent points out the exhibits to the Return include the state court record of his appeals and related filings. The respondent argues that Robertson has not supported his motion to expand the record with any reason to find that the record before the court is incomplete. (Doc. 11.)

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the resolution of the petition. The decision whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court. *Ashworth v. Bagley*, No. C-2-00-1322, 2002 WL 485003, at *11 (S.D. Ohio Mar. 28, 2002) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.), *cert. denied*, 488 U.S. 928 (1988)). However, expansion of the record must not undermine the

2

presumption of correctness of any factual finding made by the state courts. *Id.* at *13 (citing 28 U.S.C. § 2254(e)(1)).

The Return of Writ filed by the respondent includes the various appeals, post-conviction motions, and other pertinent materials for the court's consideration. *See generally* doc. 9, and exhibits.

The petitioner is reminded that the task of a federal habeas court is not to re-try his case, nor to overturn state court judgments by substituting the judgment of this court. *Neace v. Edwards*, No. 02-4079, 2005 WL 1059274, at *6 (6th Cir. May 6, 2005) (citing *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). Federal district courts are not simply another level of "appellate tribunals to review alleged errors in state court judgments of conviction." *Baker v. Reid*, 482 F.Supp. 470, 471 (S.D. N.Y. 1979). Rather, the question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). The documents and exhibits filed by the respondent appear satisfactory to allow the court to make that determination.

The motion to expand the record (doc. 10) is DENIED.

IT IS SO ORDERED.

Dated: Jan. 12, 2016         /s/ Kenneth S. McHargh
                             Kenneth S. McHargh
                             United States Magistrate Judge