UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD E. ROBERTSON, | ) | 1:15CV0296 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JEFFREY HELMICK |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| NEIL TURNER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to
Local Rule 72.2(b)(2).  Before the court is the petition of Leonard E. Robertson
("Robertson") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The
petitioner is in the custody of the Ohio Department of Rehabilitation and Correction
pursuant to journal entry of sentence in the case of State of Ohio v. Robertson, Case
No.  05-CR-0539 (Medina County July 10, 2006).  (Doc. 8, RX 4.)  For the following
reasons, the magistrate judge recommends that the petition be denied.

The petitioner Robertson has filed a petition pro se for a writ of habeas
corpus, arising out of his 2006 convictions for multiple counts of sexual battery, and
other crimes, pursuant to a guilty plea, in the Medina County (Ohio) Court of
Common Pleas.  In his petition, Robertson raises a single ground for relief:

> I have not been in front of a Lawfully Legal Body.  As all are in
> violation of the mandatory oath of office.  Requirement U.S

Constitution U.S.C.S. Article 6 Sec. 3. All members to uphold U.S. Constitution that which created this manifest injustice of petitioner's Unconstitutional incarceration depriving him of his U.S.C.A. 1st (The right to petition a nullity), 6th (Fair, Speedy, and public trial), 14th (Due process of equal protection of law). (CHARGE OF FABRICATION)  Determine the merits of this case based on Authentic, Reliable Evidence rather than distortions and lies. ["Must show the fabrication was deliberate"], Miller v. Pate, 386 U.S. 1, 7, creating constitutionally invalid conviction.  The 14th Amendment (U.S.C.A.) cannot tolerate a State Criminal Conviction obtained by knowing use of false evidence  [circumstantial evidence].

(Doc. 1, at [18].)

The respondent has filed a Return of Writ (doc. 8), and Robertson has filed a

Traverse (doc. 9).


## I.  PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following procedural background:

In 2006, Mr. Robertson pleaded guilty to a fifty-seven count indictment, and the trial court sentenced him to a total of fifteen years of incarceration.  Mr. Robertson filed a notice of appeal from the sentencing entry; however, his attempted appeal was dismissed due to his failure to timely file an appellate brief.  In 2009, Mr. Robertson moved to reopen his appeal, and we granted his application. Thereafter, we vacated Mr. Robertson's sentence due to an error in the imposition of postrelease control, and we remanded the case to the trial court for resentencing in accordance with then applicable case law.  See State v. Robertson, 9th Dist. Medina No. 07CA0120–M, 2009–Ohio–5052.[1]

At the resentencing hearing, Mr. Robertson orally moved to withdraw his guilty pleas.  The trial court denied Mr. Robertson's motion and

---

[1]  *See also* doc. 8, RX 14; *State v. Robertson*, No. 07CA0120–M, 2009 WL 3068749 (Ohio Ct. App. Sept. 28, 2009).

proceeded to resentence.  Mr. Robertson appealed from the resentencing entry on March 17, 2010, arguing that the trial court improperly denied his motion to withdraw his guilty pleas.  This Court affirmed the trial court's decision to deny Mr. Robertson's motion to withdraw his pleas.  See State v. Robertson, 9th Dist. Medina No. 10CA0030–M, 2011–Ohio–4300, ¶ 17.[2]

Thereafter, Mr. Robertson attempted to appeal our 2011 decision to the Ohio Supreme Court.  Prior to the Court determining whether to accept the appeal, Mr. Robertson filed a post-sentence motion to withdraw his plea in the trial court.  The trial court declined to rule on the motion until the Supreme Court made a determination of whether to accept jurisdiction.  On January 18, 2012, the Supreme Court declined to accept jurisdiction.[3]  In a journal entry dated June 25, 2012, the trial court denied Mr. Robertson's motion.  Mr. Robertson did not appeal from this journal entry.

On September 21, 2012, Mr. Robertson filed a new motion to withdraw his guilty plea.  The trial court denied the motion in a journal entry dated October 16, 2012.  Mr. Robertson timely appealed from the October 16, 2012 entry. . .

(Doc. 8, RX 37, at 1-2; State v. Robertson, No. 12CA0094-M, 2013 WL 5635925, at

*1 (Ohio Ct. App. Oct. 15, 2013).)

Robertson presented three assignments of error in his appeal from the

October 2012 judgment entry:

1.  The trial court abused its discretion in applying Res judicata to deny appellant's motion to withdraw his plea.

2.  The Appellant's plea was not knowingly, intelligently, and voluntarily entered being that the trial court did not advise him prior

---

[2]  See also doc. 8, RX 22; State v. Robertson, No. 10CA0030-M, 2011 WL 3808562 (Ohio Ct. App. Aug. 29, 2011).

[3]  See also doc. 8, RX 26; State v. Robertson, 131 Ohio St.3d 1412, 959 N.E.2d 1057 (2012).

3

that PRC was mandatory for five (5) years upon release, pursuant to
R.C. § 2927.28(B).

3.  The trial court incorrectly explained the maximum penalties
involved when violating the terms of PRC as required pursuant to R.C.
§ 2943.032.

(Doc. 8, RX 34.)

The court of appeals pointed out that the trial court found, correctly, that it

was without jurisdiction to consider Robertson's motion to withdraw his plea,

because the trial court loses jurisdiction over a case when an appeal is taken, and,

absent a remand, does not regain jurisdiction after the appellate court rules.  (Doc.

8, RX 37, at 3; Robertson, 2013 WL 5635925, at *2, citing State ex rel. Special

Prosecutors v. Judges, Court of Common Pleas, 55 Ohio St.2d 94, 97, 378 N.E.2d

162 (1978) (per curiam), and other cases.)  In addition, the court found that the trial

court has no jurisdiction to consider a motion to withdraw plea once an appellate

court has affirmed the conviction.  Id.  The court also found that res judicata barred

any claims that could have been raised on direct appeal.  (Doc. 8, RX 37, at 4;

Robertson, 2013 WL 5635925, at *2, citing State v. Ketterer, 126 Ohio St.3d 448,

935 N.E.2d 9 (2010).)  The court affirmed the judgment of the trial court.

Robertson appealed that judgment to the Supreme Court of Ohio, and set

forth the following propositions of law:

1.  The Trial Court Abused its discretion when it Denied Mr.
Robertson's Motion to Withdraw Guilty Plea under the doctrine of Res
Judicata.

4

2.  Mr. Robertson's Plea was not knowingly, intelligently, and voluntarily entered due towards [sic] the Trial Court's failure to advise him of the Mandatory PRC portion of the Sentence, pursuant to R.C. §2967.28(B).

3.  The Trial Court Failed to Properly Explain the Maximum Penalties involved if the Terms of PRC is Violated as required under R.C. §2943.032.

(Doc. 8, RX 39.)  The state high court declined to accept jurisdiction.  (Doc. 8, RX 41;

State v. Robertson, 138 Ohio St.3d 1417, 3 N.E.3d 1218 (2014).)

Robertson next filed this petition for a writ of habeas corpus.


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas

5

> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Robertson has filed his petition pro se.  The pleadings of a petition drafted by

a pro se litigant are held to less stringent standards than formal pleadings drafted

by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295

(6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S.

519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants

who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993)

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th

Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

6

### III.  ROBERTSON'S PETITION

The respondent contends that Robertson's petition has not made clear the exact nature of his ground for relief, and the petition fails to state a federal constitutional claim.  (Doc. 8, at 9.)

Where the form petition asks for Ground One, Robertson has left that space blank (doc. 1, §12), and where the "Supporting Facts" are to be supplied, Robertson has entered, "SEE ATTACHMENT-4," which is attached to the petition, and reads:

> I have not been in front of a Lawfully Legal Body.  As all are in violation of the mandatory oath of office.  Requirement U.S Constitution U.S.C.S. Article 6 Sec. 3. All members to uphold U.S. Constitution that which created this manifest injustice of petitioner's Unconstitutional incarceration depriving him of his U.S.C.A. 1st (The right to petition a nullity), 6th (Fair, Speedy, and public trial), 14th (Due process of equal protection of law). (CHARGE OF FABRICATION)  Determine the merits of this case based on Authentic, Reliable Evidence rather than distortions and lies. ["Must show the fabrication was deliberate"], Miller v. Pate, 386 U.S. 1, 7, creating constitutionally invalid conviction.  The 14th Amendment (U.S.C.A.) cannot tolerate a State Criminal Conviction obtained by knowing use of false evidence  [circumstantial evidence].

(Doc. 1, at [18].)

The respondent points out that Robertson does not state with specificity the exact nature of his federal constitutional claim, and he provides no specific factual support whatsoever.  (Doc. 8, at 10.)

Habeas Rule 2(c) requires that the petition specify the facts supporting each constitutional ground, and the petition here offers no factual support whatsoever. At best, Robertson provides a summary of his procedural history, alleging in

general terms that the proceedings in state court were somehow constitutionally deficient, without providing any specifics.  See, e.g., doc. 1, at [21] ("All previous lower courts abdicated the Fiduciary Duty with their gross negligence of Petitioner's Federally Guaranteed Rights that created this 'Legal Fiction,' now before the Federal Court.")

> Rule 2(c) provides that the habeas petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of Rules Governing Habeas Corpus Cases.  The petition before the court fails to meet the requirements of Rule 2(c)(1), (2) and (3), because the petition fails to specify the facts supporting any constitutional ground, and fails to state the relief requested.

"Notice" pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977); Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002), cert. denied, 537 U.S. 1121 (2003); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991).  The "ground" as presented in the petition is insufficient to adequately allege a federal constitutional

violation.  See generally doc. 1, at [18].  Merely using talismanic constitutional phrases such as "due process of law" does not constitute raising a constitutional issue.  Although Robertson asserts that his conviction is somehow unconstitutional, there is absolutely no indication in the petition of the factual basis of any such claim.

For example, Robertson refers to "distortions and lies," and argues that a criminal conviction cannot by "obtained by knowing use of false evidence."  (Doc. 1, at [18].)  It is unclear what possible relevance these arguments can have relating to his conviction, which was based, after all, on his guilty pleas.  The state court of appeals upheld his conviction, stating, inter alia:

> Following a lengthy plea colloquy, during which Mr. Robertson pleaded guilty to all 57 counts in the indictment, the trial court determined that he was making his pleas knowingly, intelligently, and voluntarily. At his original sentencing hearing, Mr. Robertson did not seek to withdraw his plea.  At his resentencing hearing, he did not present any evidence to support his claims that he had intended to enter an Alford Plea.  Accordingly, the trial court did not abuse its discretion when it determined that this did not constitute a reasonable and legitimate reason to withdraw his guilty plea.

> Given that Mr. Robertson was represented by competent counsel when he made his pleas, that the trial court engaged in a lengthy colloquy with him at his change of plea hearing, that it heard his arguments for being allowed to withdraw his plea, and all the additional facts and circumstances surrounding this case, this Court cannot conclude that the trial court abused its discretion when it denied Mr. Robertson's motion to withdraw his pleas.

(Doc. 8, RX 22, at 5-6; Robertson, 2011 WL 3808562, at *3.)  Robertson's petition does not address that judgment, nor any of the other arguments he had fairly presented to the state court on appeal.

In the petition before this court, Robertson does not support his allegation that his conviction is unconstitutional with any facts in support.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, 513 U.S. 935 (1994); see also Ziegler v. Birkett, No. 03–10036–BC, 2004 WL 1765516, at *3 (E.D. Mich. July 19, 2004).  Because Robertson has offered no facts in support of his petition, his allegations are conclusory, and he is not entitled to habeas relief. James, 24 F.3d at 26; Santiago v. United States, No. 2:08CV230, 2011 WL 3892229, at *4 (E.D. Tenn. Sept. 2, 2011) (petitioner failed to flesh out skeletal allegations of incompetent counsel with supporting facts); Ziegler, 2004 WL 1765516, at *3.  The petition should not be granted.

In addition, the respondent points outs, correctly, that Robinson's guilty plea waived claims based on speedy trial arguments or insufficiency of the evidence. (Doc. 8, at 11-12.)  The Supreme Court has reaffirmed that, after a guilty plea, a defendant:

> . . . may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

10

Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Werth v. Bell, 692 F.3d 486, 495 (6th Cir. 2012), cert. denied, 133 S.Ct. 1590 (2013) (guilty plea bars subsequent attack on conviction); Campbell v. Marshall, 769 F.2d 314, 318 (6th Cir. 1985), cert. denied, 475 U.S. 1048 (1986).

## IV.  OTHER MOTIONS

Robertson has two additional motions pending before the court.  First, he filed a "Motion to Order Historical Facts as the Magistrate's Erroneous Ruling Failed to Do So." (Doc. 14.)  This motion appears to be directed to the District Judge, in the form of an objection to the earlier denial of Robertson's previous motion to expand the record (to include such items as his arrest warrant, and his motion(s) for a bill of particulars), which he had filed several weeks after filing his Traverse.  See generally doc. 10, 13.  In light of the vagueness of his purported claim for constitutional relief, ordering the respondent to expand the record appears unnecessary.

The second motion is captioned, "Motion to [Order] Summary: Default Judgment." (Doc. 15.)  The burden to show that he is in custody in violation of the Constitution is on the petitioner.  Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970).  The Sixth Circuit has found that default judgments are not available in habeas corpus proceedings.  Allen, 424 F.2d at 138; Mahaday v. Cason, 222 F.Supp.2d 918, 921-922 (E.D. Mich. 2002) (citing cases).

11

RECOMMENDATION

The petition for a writ of habeas corpus should be denied.

The second motion to expand the record (doc. 14), and the motion for default judgment (doc. 15) should be denied as well.


Dated:  May 4, 2016                       /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).