UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Leonard E. Robertson,                                        Case No. 15-cv-296

            Petitioner

    v.                                                          MEMORANDUM OPINION

Neil Turner,

            Respondent

## I.    INTRODUCTION

Before me are: (1) Petitioner's "motion to order historical facts" (Doc. No. 14); (2) Petitioner's "motion to order summary default judgment" (Doc. No. 15); (3) Magistrate Judge Kenneth S. McHargh's Report and Recommendation regarding Petitioner's § 2254 habeas petition and two motions filed before the R & R ( Doc. No. 16); (4) Petitioner's objections to the R & R (Doc. No. 17); (5) Petitioner's motion to grant a certificate of appealability (Doc. No. 18); (6) Petitioner's motion for leave to file a brief and the brief itself (Doc. Nos. 19, 21); and (7) Petitioner's "motion for Magistrate review." (Doc. No. 20).

## II.    BACKGROUND

On or about April 28, 2006, Petitioner Leonard E. Robertson pled guilty to all charges in a 57 count indictment and was later sentenced to a prison term of 15 years. (Doc. No. 8-1 at 28-29, 33-34). Because of two errors with the sentencing judgment entry—(1) failure to address Count 40 and (2) improper imposition of post release control—the final sentencing judgment entry was made on October 21, 2009. *Id.* at 114. During the resentencing hearing, the trial court denied Robertson's oral motion to withdraw his guilty plea. On April 8, 2010, Robertson filed a request for delayed appeal and notice of appeal with the Ohio Court of Appeals, which was granted. *Id.* at 121. In the

appeal, Robertson challenged the trial court's denial of his oral motion to withdraw the guilty plea and reclassification of Robertson's status as a sex offender. *Id.* at 179-86. The appellate court affirmed the trial court's denial of the motion to withdraw the guilty plea, but vacated the reclassification. *Id.* The Ohio Supreme Court declined jurisdiction over the appeal on January 18, 2012. *Id.* at 215. Robertson then filed two more unsuccessful motions with the trial court to withdraw his plea, one while the appeal to the Ohio Supreme Court was pending. *Id.* at 216-33, 247-72, 315-21. Robertson perfected the appeal of one of these denials to the Ohio Supreme Court, who declined jurisdiction. *Id.* at 349.

Robertson filed this § 2254 habeas petition on February 13, 2015. (Doc. No. 1). In the petition, he alleged one ground for relief. After Respondent Neil Turner filed a return of writ and Robertson filed his traverse to the return of writ, Robertson filed a "motion to order historical facts." (Doc. No. 10). The motion requested an additional twenty-four documents be introduced into the record. *Id.* Magistrate Judge McHargh denied the motion to expand the record, finding the state documents already admitted into the record were sufficient for the court to evaluate the habeas petition. (Doc. No. 13). In reasoning, Magistrate Judge McHargh explained that federal habeas review was not another level of state appellate review, but was limited to deciding "whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." *Id.* at 3. After the ruling, Robertson filed another "motion to order historical facts" and a "motion to order summary default judgment." (Doc. Nos. 14, 15). Magistrate Judge McHargh then issued his R & R with respect to Robertson's § 2254 habeas petition and two outstanding motions. (Doc. No. 16). Robertson has since filed objections to the R & R, a motion to grant a certificate of appealability, a motion asking for leave to file a brief and the brief itself, and a "motion for Magistrate's review." (Doc. Nos. 17, 18, 19, 20, 21).

2

At the outset, I find Magistrate Judge McHargh has accurately and comprehensively set out the factual and procedural background, and adopt those sections of the R & R in full. (Doc. No. 16 at 1-5).

### III.    STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). Therefore, the objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue,* 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

### IV.    DISCUSSION

Magistrate Judge McHargh recommends I dismiss Robertson's petition because the petition failed to comply with the pleading standard required of § 2254 habeas corpus petitions. Robertson filed objections to the R & R, but it is unclear what Robertson is objecting to specifically other than the dismissal of the petition.

3

While *pro se* petitions are to be liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("The trial and appellate courts should not have to guess at the nature of the claim asserted."). Though habeas petitions are similar to a complaint in ordinary civil proceedings, the pleading standard under "Habeas Corpus Rule 2(c) is more demanding" than the notice pleading standard of Federal Rule of Civil Procedure 8(a). *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Habeas Corpus Rule 2(c) requires petitioners to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rules Governing § 2254 Cases, Rule 2(c), 28 U.S.C. foll. § 2254; 1976 Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C. ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. Since it is the relationship of the facts to the claim asserted that is important, these petitions were obviously deficient."); 1976 Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C. ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a "real possibility of constitutional error.") (citations omitted).

Robertson has failed to meet the requisite pleading standard. In the petition, Robertson stated a single ground for relief:

> I have not been in front of a Lawfully Legal Body. As all are in violation of the mandatory oath of office. Requirement U.S Constitution U.S.C.S. Article 6 Sec. 3. All members to uphold U.S. Constitution that which created this manifest injustice of petitioner's Unconstitutional incarceration depriving him of his U.S.C.A. 1st (The right to petition a nullity), 6th (Fair, Speedy, and public trial), 14th (Due process of equal protection of law). (CHARGE OF FABRICATION) Determine the merits of this case based on Authentic, Reliable Evidence rather than distortions and lies. ["Must show the fabrication was deliberate"], Miller v. Pate, 386 U.S. 1, 7, creating constitutionally invalid conviction. The 14th Amendment (U.S.C.A.) cannot tolerate a State Criminal Conviction obtained by knowing use of false evidence [circumstantial evidence].

(Doc. No. 1 at 18). The ground for relief itself is non-specific, stating violations of several amendments with reference to fabrication of evidence. Robertson does not clarify the ground for relief with any facts as to what evidence he believes was fabricated or how any alleged false evidence

4

relates to his First or Sixth Amendment rights allegedly violated, as stated in the ground for relief. Robertson's recitation of the procedural history of his case are the only facts stated in the petition. Since Robertson has failed to specify the ground for relief and provide a factual basis to demonstrate a constitutional violation has occurred, he has failed to meet the pleading standard and the petition must be dismissed. Robertson's conclusory statements in both his petition and objections to the R & R are insufficient to give rise to habeas corpus relief.

With respect to the remaining outstanding motions, I find all to be meritless. First, addressing the "motion for summary default judgment," default judgment is not available with respect to habeas petitions. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.), *cert denied*, 400 U.S. 906 (1970). In addition, Robertson bases this motion on an order requiring Respondent to file an answer to the habeas petition, which Respondent complied with by filing a return of writ. (Doc. Nos. 5, 8). Therefore, the "motion for summary default judgment" is denied. (Doc. No. 15).

Next, three of the motions challenge Magistrate Judge McHargh's denial of Robertson's initial motion to expand the record and renew the same previously denied motion. (Doc. No. 14, 19, 20, 21). A district court judge may allow expansion of the record "[i]f the petition is not dismissed." Rules Governing § 2254 Cases, Rule 7(a), 28 U.S.C. foll. § 2254. Here, as explained above, Robertson's petition was dismissed since it failed to allege a specific ground for relief or state facts that would demonstrate he is entitled to habeas corpus relief. Just as Robertson's conclusory allegations were insufficient with respect to the actual petition, they are also insufficient to demonstrate expansion of the record may be warranted. Since there is no reason to expand the record, all related motions are denied. (Doc. Nos. 14, 19, 20).

Finally, "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Here, Robertson has failed to specify a ground for relief and,

5

thus, has failed to make a substantial showing that he was denied a constitutional right. Robertson's motion for a certificate of appealability is denied, accordingly. (Doc. No. 18).

V.  CONCLUSION

For the foregoing reasons, I adopt Magistrate Judge McHargh's R & R, dismiss Robertson's petition with prejudice, and deny all of Robertson's outstanding motions. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge